IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES EARLS III,** <br> **Plaintiff,** <br> v. <br> **CO1 BROWN, *et al.*,** <br> **Defendants.** | ) | **Case No. 1:26-cv-00017** |

**MEMORANDUM ORDER**

On January 15, 2026, Plaintiff, an inmate formerly incarcerated at the State Correctional Institution at Rockview[1] (SCI-Rockview), commenced this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against six members of the staff at SCI-Rockview. ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis*. ECF No. 1. On May 26, 2026, the Court granted Plaintiff's *in forma pauperis* motion and the Clerk docketed his Complaint. ECF Nos. 4, 6.

In his pleading, Plaintiff avers that CO1 Brown and five unidentified corrections officers employed at SCI-Rockview brutally assaulted him on April 12, 2024, causing substantial injury. ECF No. 6 at pp. 5-7. He further alleges that Defendants deprived him of medical care, inserted laxatives and "chew spit" into his food, and told other inmates to attack him because he was a "serial baby raper." *Id.* at p. 7. Plaintiff makes clear that each of these incidents took place in the Restricted Housing Unit (RHU) at SCI-Rockview. *Id.* at p. 5.

[1] Plaintiff is currently incarcerated at SCI-Albion.

Presently pending is Defendants' Motion to Transfer Venue to the Middle District of Pennsylvania. ECF No. 15. As noted above, Plaintiff's allegations clearly demonstrate that the events underlying this action took place entirely in the Middle District of Pennsylvania, where SCI-Rockview is located and each Defendant resides. 28 U.S.C. § 1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Because it is evident from the complaint that the events at issue all occurred in the Middle District of Pennsylvania, where each Defendant resides, venue is improper in this district. Instead, this action should be transferred to the United States District Court for the Middle District of Pennsylvania. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

Accordingly, Defendants' motion, ECF No. [15], is GRANTED. IT IS HEREBY ORDERED, this 28th day of August, 2026, that this case be transferred forthwith to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) and 1404(a).

Susan Paradise Baxter

SUSAN PARADISE BAXTER
United States District Judge